JENNIE C. FLETCHER v. OLIVER P. FLETCHER ET AL.

No INJUNCTION NECESSARY TO HOLD PROPERTY IN AN APPLICATION FOR DIVORCE AND ALIMONY.

No injunction is necessary to hold property in an application for divorce and alimony, where the property is described and the owner of the property and the person having an interest in it are made parties; that they cannot thereafter transfer it, although there is no injunction against such transfer.

ERROR to the Court of Common Pleas of Lucas county.

KING, J. (Orally.)

Three different petitions were filed in the court below by the plaintiff below, Jennie C. Fletcher, who is here the plaintiff in error, to each of which demurrers were severally sustained, and the action of the court on those demurrers is assigned for error; also the action of the court in dissolving an injunction granted at one time in the action; and the action of the court in removing or discharging a receiver appointed. As

to the latter ground, it is sufficient to say that there is no bill of exceptions setting out the evidence, and it appears that the motions were heard upon evidence, and therefore the action of the court cannot be heard at this time and in this proceeding.

Plaintiff filed her petiton on the 24th of September, 1896, alleging several grounds for divorce as existing, and in her petition she describes certain tracts of real estate, alleging that certain real estate —describing it by metes and bounds, and its situs—situate, one tract in Michigan and another tract in Toledo, had been conveyed to defendant, Henricks, for the purpose of putting it beyond her reach, so that it might not be made subject to the payment of any judgment for alimony; and she wound up with the prayer that that conveyance be set aside, and she be allowed reasonable alimony. She also asks for an injunction, alleging that her husband was threatening to convey certain property, and also that Henricks would convey the piece to which he had the legal title, if not prevented by an injunction. A temporary injunction was allowed by a judge of the court of common pleas. That stood until some months later, when, upon motion, it was dissolved. On the 13th of January, 1897, some five months after the filing of this petition, the principal defendant, her husband, filed an amended answer, in which he set out more particularly the defenses upon which he relied. He denied generally the grounds for divorce that were set out in the petition, and then set out what he had been doing with his property. With reference to the property that had been conveyed to Henricks, this defendant, her husband, says he admits that the property had been conveyed to Henricks, "but avers that the same was at the instance and solicitations of her attorney, and that he conveyed said property at her request, and for her behoof and benefit, and to satisfy her of his affection for her, and of his willingness to do all things in his power for her welfare and for the purpose of showing her that he bore her no ill-will. And this defendant further says that shortly subsequent to said transfer, he agreed with her attorney as to alimony for her, and that his attorney and her then agreed upon practically the sum of $1,500 in cash and real estate, the same being all and more than this defendant was worth;" and he avers that in all things he has endeavored to do what was right; and he further says "he denies all allegations in said petition as to his placing or trying to place any property of any description beyond plaintiff's reach, or trying in any way to deprive her of any rights whatever.

The defendant Henricks did not answer, but he filed a demurrer, which was heard and determined on March 15, some little time after this answer of the principal defendant. That demurrer was sustained, and in the judgment of the court sustaining that demurrer I think appears also the judgments upon the motions that had been filed as to the receiver, and the judgment dissolving the injunction. There had also been a motion filed to have Mr. Henricks show cause why he should not be punished as for contempt, and that was disposed of against the application of the plaintiff.

On the 17th—two days later—the plaintiff filed an amended petition. She sets forth substantially the same things that were in the original petition, and with reference to this property conveyed to Henricks, she in substance adopts some of the allegations of her husband's answer —that it had been conveyed to Henricks to be held by him in trust to satisfy any judgment for alimony that she might recover, and that it had

been transferred to him for her benefit; and she further says that prior to the transfer the property had been acquired by the joint efforts of her husband and herself, and she had an interest therein. To that a general demurrer was filed, and it was heard on the first day of April, 1897, and sustained. On the 2d day of April, 1897, a second amended petition was filed, which sets out more particularly the allegations with reference to this property conveyed to Henricks, and also sets forth that some time after the original petition was filed, perhaps in November, the defendant Fletcher had conveyed all his property to an assignee for the benefit of his creditors, and that the assignee was Henricks, and that Henricks in his capacity as assignee had filed a petition in the probate court in which he was seeking to sell this very property described in her petition conveyed to him to satisfy such judgment for alimony, or such decree for alimony, as the court of common pleas might thereafter render; and it was not at the date of the assignment the legal estate of Fletcher, her husband; and she asks for an injunction as to these acts of Henricks in the probate court. A general demurrer was filed to that, and on May 18, 1897, it was sustained.

All these acts of the court are alleged as error.

It is contended here by counsel for the demurrers that the plaintiff in these amended petitions especially has set up specifically a trust, and that she could not unite an action to enforce a trust made for her benefit as *cestui que trust* with any cause of action that might fall within the jurisdiction of the court under a petition for divorce and alimony; that this is a misjoinder of causes of action, so far as it seeks to enforce anything as against Henricks; that while she might allege that her husband has property which he is seeking to hold away from a judgment of alimony, she cannot come in and say a trust has been declared for her, and ask the court to adjudicate about that trust; and that the demurrer was sustained properly for that reason.

We cannot agree with the argument nor with the decision of the court below upon any of those demurrers. We do not say as to the first petition that there was any error in that; but clearly the plaintiff in filing a petition for divorce had a right to describe all the property in which the defendant had any interest, no matter what that interest was. She might allege that he had, in anticipation of her filing a petition for alimony, conveyed that property away, wthout consideration, for the purpose of defeating her application for alimony. She might have made that allegation, described the property, and brought the grantee of the property into court, and held him, subject to the final decree that might be made—not for the purpose of setting aside that deed, although we have no doubt the court might do that; but for the purpose of holding that property in order to determine what her rights were—whether the court would grant her alimony in kind, in lands, or in money, and make a money decree a lien upon the land. The court has ample power to determine every interest the defendant had in any property, or that of other parties to that suit who claim an interest in it. If this land was held by Henricks for the use of the plaintiff, it was actually the property of the defendant Fletcher, the amount and value of which the court should always consider in rendering its decree for alimony. Whether the court should, if it found that this conveyance was made as the defendant Fletcher alleges it was made, decree that Henricks should con-

7 **Dec.** 39

vey that property to the plaintiff as and for her alimony, or whether the court should decide that, in view of the property that Fletcher had, and the character of it, he should pay her so much money, and that should be a lien upon his other property or upon this, is not a matter of any consequence now. The court of common pleas, when it tries and determines this question, will make such decree as it deems right and legal. This pleading shows that Henricks was a proper party, if the allegations of the petition are true, and they are to be taken as true by the demurrer.

Whether the filing of this petition holds this property now as *lis pendens* is not now to be decided. The question is, whether this petition sustains a cause of action as against Henricks. We cannot see why it does not. The statute in reference to divorce and alimony, secs. 5699 and 5705, provide that any and every interest, legal or equitable, of the defendant, in any property whatsoever, may be described in the petition, and taken into account by the court in its allowance of alimony.

It is claimed here by counsel for the demurrers that this petition seeks to administer this assignment. We do not think it can bear that construction. The petition alleges that Fletcher had assigned all his property to Henricks to administer for the benefit of his creditors. It also alleges that before this assignment he had conveyed this estate to Henricks to hold in trust for certain purposes and uses. If these allegations were true, then the deed of assignment did not convey to Mr. Henricks, assignee, any of this real estate whether it did or not, the petition alleges that Henricks, assignee, is seeking in the probate court of this county to sell this property that he holds as trustee for plaintiff, and pay it over to the creditors of Mr. Fletcher. Clearly the court of common pleas should stop that proceeding until it shall determine whether this woman is entitled to alimony.

It is said again that this assignment was made after this injunction was dissolved. It is not so alleged in the petition but we think that makes no difference. If Henricks was a proper party, if the allegations made against him as to his interest in this real estate is sufficient, and if the real estate is properly described, then no injunction was necessary. The case of *Tallerton* v. *Williard*, 30 O. S., 579, is cited to us, which we think expresses our view of this case, and clearly expresses it. That was an action brought for divorce and alimony, in which the plaintiff described certain real estate as being owned by the defendant. She further set forth that she ''had received of her father and brother's estate moneys belonging to her as an inheritance, upwards of $2 700; and that he afterward purchased the whole of the aforesaid half section at and for the sum of $1,600, purchase price, and that it was understood that said half section, in consideration of the moneys thus received of the plaintiff was to be conveyed and secured to the plaintiff and her heirs, as her separate estate and property, but that defendant wrongfully caused the conveyance to be made in his own name, and has since sold a large portion, and also mortgaged the same;'' and she further averred that he intended to sell and mortgage the balance. As a matter of fact, after the filing of the petition, he did mortgage the balance. Judgments were rendered against him in the court of common pleas. If that allegation in her petition is to be construed strictly, it was an allegation of a trust resting in her husband, which could have been enforced in a separate action. The action went on. The prayer asked for an injunction, but

no injunction was allowed in that case. When the court came to hear the case, divorce was granted, and when it came to consider the question of alimony, it allowed her $5,000, and the real estate described in the petition was held to pay the $5,000, and it was ordered to be a lien upon the real estate until the same was paid, with interest, and in default of payment within the time limited, the real estate should be sold by the sheriff. Afterwards, and in the meantime, as I have said, other mortgage judgments were rendered upon it, and proceedings were brought upon those to marshal the liens and sell the property, and the property was sold at sheriff's sale under those proceedings, and the plaintiff bid in the property at the price named. She paid off the judgments prior to her lien and kept the balance of the purchase money to apply on her alimony.

The court said that the petition which described this property and asked for an injunction, charged it with equities—not with her right to alimony, but with equities in her favor, and was sufficient to prevent an alienation of this property *pendente lite;* and it was a sufficient ground for any equitable relief which the facts, after the hearing by the court, would warrant, and also sufficient to bring this property within the doctrine of *lis pendens* as to whoever might acquire any equity in it; that the decree of alimony, which settled the equities, being for $5,000 in money, did not allow her an estate in this land, but made that a charge upon it, and bound the property from the date of the filing of the petition and service of summons. I cannot go over the decision in full, but it clearly sustains the proposition, when you come to read all the facts in the case, that the petition, which made the defendant a party, and which set up this trust, although no injunction was granted, was sufficient to charge all who might have knowledge of the pendency of the suit, and that when the court came to grant its decree, it might grant any kind of a decree it pleased—it might recognize that the property was held in trust for her, and purchased with her money, or it might take into consideration in allowing alimony, and allow a larger sum of money on account of that or allow it in real estate.

To the same effect, or at least upon the same line, is the case of *Railroad Co.* v. *Brennan,* 50 O. S., 589, where it is held that no injunction is necessary to hold property in an aplication for divorce and alimony, where the property is described and the owner of the property and the person having an interest in it is made a party; that he cannot thereafter transfer it although there is no injunction against his transfer.

We think both of these amended petitions were correct and proper, but we deem it sufficient to say that the court erred in sustaining the demurrer to the last amended petition; that the action of the court should be reversed and set aside, and the case remanded to the court of common pleas for further proceedings.

*Hurd, Brumback & Thatcher,* for Plaintiff in Error.

*Frank I. Isbell* and *Seney, Johnson* and *Friedman,* for Defendant Henricks.

*C. W. Everett,* for Defendant Fletcher.